UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JEAN FRANCISQUE,

                Plaintiff,                              MEMORANDUM
                                                    AND ORDER
  -against-                                           16 CV 3637 (RML)

CLIFFORD B. FINKLE, JR., INC. and VALMORE
E. STRACHAN,

                Defendants.
-------------------------------------------------------------X

LEVY, United States Magistrate Judge:

        Plaintiff Jean Francisque ("plaintiff") moves for the appointment of his wife, Carmelle Gladys Francisque ("Ms. Francisque"), as his guardian *ad litem* in this case. Defendants do not oppose. For the reasons explained below, plaintiff's motion is granted.

## BACKGROUND AND FACTS

        This personal injury action was scheduled to begin trial before this court on May 13, 2019. On May 1, 2019, plaintiff's counsel informed the court that plaintiff had suffered a debilitating stroke and moved for the appointment of Ms. Francisque as guardian *ad litem*. (Motion to Appoint Guardian Ad Litem, dated May 1, 2019 ("Mot."), Dkt. No. 17.) Plaintiff submitted a physician's letter and medical records to support his request. (See Physician's Letter and Medical Records, Ex. A to Mot., Dkt. No. 17-1.) Ms. Francisque appeared at a conference on May 2, 2019, where she testified under oath that plaintiff suffered brain damage as a result of a stroke and has difficulty understanding and communicating. She confirmed that she would be willing to serve as *ad litem* if appointed.

**DISCUSSION**

Federal Rule of Civil Procedure 17(c) provides that:

> [a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

FED. R. CIV. P. 17(c)(2). State law controls the determination of whether an individual has the capacity to sue on his or her own behalf. FED. R. CIV. P. 17(b); Bowen v. Rubin, 213 F. Supp. 2d 220, 223 (E.D.N.Y. 2001) (applying New York law to determine capacity to sue). New York law requires that "an adult incapable of adequately prosecuting or defending his rights" have a guardian *ad litem* appointed on his behalf. N.Y. C.P.L.R. § 1201. The party seeking appointment of a guardian *ad litem* must show by a preponderance of the evidence that the individual's "condition impedes [his or] her ability to protect [his or] her rights." N.Y. Life Ins. Co. v. V.K., 711 N.Y.S.2d 90, 96 (New York Civ. Ct. 1999). "[I]t is well settled that, under New York law, a guardian *ad litem* may be appointed by a court at any stage of an action in which an adult is incapable of adequately prosecuting or defending his rights, even where no formal adjudication of incompetence has been made." Bowen, 213 F. Supp. 2d at 223.

However, "[b]ecause a litigant possesses liberty interests in avoiding the stigma of being found incompetent, and in retaining personal control over the litigation, the Due Process Clause of the Fifth Amendment limits the district court's discretion with respect to the procedures used before appointing a guardian ad litem." Neilson v. Colgate-Palmolive Co., 199 F.3d 642, 651 (2d Cir. 1999) (citing Wisconsin v. Constantineau, 400 U.S. 433, 437 (1971)). In order to determine the amount of process due, the court must weigh "(1) the private interest affected by the official action; (2) the risk of an erroneous deprivation of that interest through the

procedures used, and the probable value of additional or different procedural safeguards; and (3) the government's interest." Id. (citing Abdullah v. I.N.S., 184 F.3d 158, 164 (2d Cir. 1999)); see also Mathews v. Eldridge, 424 U.S. 319, 334-35 (1976).

In weighing these factors, as well as the evidence before the court as to plaintiff's condition, the court finds that a guardian *ad litem* should be appointed and that the only additional process due is notice to plaintiff.[1] While courts in this circuit have held that an evidentiary hearing is not always necessary in order to appoint a guardian *ad litem* (see Bowen, 214 F. Supp. 2d at 225), the court has already held one in this case. Ms. Francisque's testimony under oath as to her husband's condition, in conjunction with the medical records plaintiff's counsel has provided, are more than sufficient to determine by a preponderance of the evidence that plaintiff does not have the capacity to adequately prosecute his own rights. The court moreover finds that Ms. Francisque would make a suitable guardian *ad litem*.

### CONCLUSION

For the reasons stated above, the court appoints Carmelle Gladys Francisque to serve as plaintiff's guardian *ad litem*. The court additionally orders plaintiff's counsel to notify plaintiff of this ruling and advise the court of any questions or concerns plaintiff may have.

SO ORDERED.

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
      May 8, 2019

---

[1] The fact that this is plaintiff's motion indicates that he is already on notice that a guardian *ad litem* may be appointed, and is "willing to constrain [his] control over this litigation and face the possible resulting stigma associated with guardianship." Bowen, 213 F. Supp. 2d at 224. However, the court additionally requires that his counsel notify him of this ruling.

3